

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/AL
F.#2010R00153

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 10, 2012

<u>By Hand Delivery and ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  <u>United States v. John Rossano</u>
            <u>Criminal Docket No. 11-30 (KAM)</u>

Dear Judge Matsumoto:

     The government respectfully submits this letter in connection with the following issues raised by the Court on January 31, 2012: (1) whether the Court may impose restitution if the victim entitled to restitution does not submit a sworn affidavit of loss, (2) whether the Court can include the loss amount in its calculation of the Guidelines if the victim of the offense does not submit a sworn affidavit of loss, and (3) whether the Court can order restitution as to co-defendant Michael Castellano for the full amount of the fraud even though he pleaded guilty to racketeering conspiracy with a single act of wire fraud as a predicate racketeering act.

I.   <u>The Court May Impose Restitution</u>
      <u>Even In the Absence of a Sworn Affidavit from the Victim</u>

     The Court may impose restitution without a sworn affidavit.  As the Second Circuit explained recently:

> Section 3664 [of Title 18 of the United States Code] provides only that "to the extent practicable" victims shall be notified of the opportunity to file "a separate affidavit relating to the amount of the victim's losses subject to restitution."  18 U.S.C. § 3664(d)(2)(A)(vi).  Nothing precludes a court from ordering restitution in the absence of such affidavits.

United States v. Pickett, 387 Fed. Appx. 32, 2010 WL 2836702, at *3 (2d Cir. 2010).  In fact, the government can sustain its burden in establishing the amount of loss by a preponderance of the evidence by presenting a case agent along with a chart prepared by that agent summarizing the losses incurred by the victim.  See id. (citing 18 U.S.C. § 3664(e) (providing that the government bears the burden of proving the amount of restitution by preponderance of the evidence)).  Nonetheless, the government does not request that the Court rely on such testimony in this case.  The government has consulted with a representative from MoneyGram, the victim in this case, and the representative has advised that a representative from MoneyGram intends to submit an affidavit of loss.  The government therefore respectfully asks the Court to defer ruling on the issue of restitution to allow the victim to prepare and submit the affidavit of loss.  See 18 U.S.C. § 3664(d)(5) ("[T]he court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.").

II.  A Sworn Affidavit Is Not Require to Establish the Loss Amount To Be Used In the Guidelines Calculation

Although the defendant challenged the loss amount applicable to the defendant, he has not to date requested a hearing pursuant to United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979), as to the issue of loss.  Rather, as the defendant explained at the initial sentencing hearing held on January 31, 2012, he challenged the applicable loss amount as a legal matter.  (See Tr. at 5, 7-9).  To the extent that the defendant challenges the amount of loss a factual matter, the government is prepared to adduce such testimony at a Fatico hearing through the testimony of a case agent.  Such evidence is sufficient to establish the government's burden of proving the loss amount by a preponderance and is proper in form.  See Fed. R. Evid. 1101(d)(3) (hearsay is admissible at a sentencing hearing).

III. Castellano Is Subject to Restitution In The Full Amount of the Fraud

The Court can impose restitution in the full amount of the fraud as to Castellano.  18 U.S.C. § 3663(a)(1)(A) provides that the Court may order that "the defendant make restitution to any victim of such offense[.]"  A victim is a "person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element, a scheme, conspiracy, or pattern of criminal activity, any person directly

harmed by the defendant's criminal conduct <u>in the course of the scheme, conspiracy, or pattern</u>." 18 U.S.C. § 3663A(a)(2). One element of a RICO conspiracy is a "pattern" of criminal activity. 18 U.S.C. § 1962(a). Accordingly, in light of the definition of "victim", the Court may "award restitution to any victim harmed by the defendant's criminal conduct in the course of RICO activity." <u>United States v. Johnson</u>, 440 F.3d 832, 848 (6th Cir. 2006).

         Respectfully submitted,

         LORETTA E. LYNCH
         United States Attorney

     By:   /s/
         Elizabeth A. Geddes
         Allon Lifshitz
         Assistant U.S. Attorneys
         (718) 254-6430/6164

cc: Clerk of the Court (KAM) (by ECF)
   Joseph Lobosco, Esq. (by ECF)
   Gina Tennen, Esq. (by ECF)
   Michelle Espinoza, Senior U.S. Probation Officer (by email)