

# LibertyBell Law Group

245 E. Olive Avenue, 4th Floor, Burbank, CA 91502
Telephone: 818.563.BELL (2355) Facsimile: 818.748.1515
LibertyBellLawGroup.com

February 10, 2012                                                         **VIA ECF**

Honorable Kiyo A. Matsmoto
U.S. District Court District Judge
Eastern District of New York
225 Cadman Plaza east
Brooklyn, New York 11201

    Re:    **United States v. John Rossano**
               **Criminal Docket No. 11-CR-30-30**
               **Response to Inquires at Sentencing on January 31, 2012**

Dear Judge Matsumoto:

      Defendant, John Rossano, by and through undersigned counsel, hereby respectfully submits this letter as a response to inquiries made at Mr. Rossano's Sentencing held on January 31, 2011, and adjourned to February 22, 2012. The Court advised the Government and defendant that they should prepare and submit responses to the following inquiries:

1. Whether an affidavit of loss need be supplied to the court to determine restitution

2. Whether affirmation exists that shows Mr. Rossano withdrew from the conspiracy

    **I.**    **AFFIDAVIT OF LOSS**

      The Government attests in their Response to Inquiries that they will provide an affidavit of loss, Mr. Rossano therefore has no position at this time on the requirement of affidavit of proof for restitution purposes, dependent upon the government actually producing said affidavit.

      Mr. Rossano, however, objects to the Government's request that the issue of restitution be set over until after sentencing. The amount of loss attributed to Mr. Rossano bears not just on the issue of restitution, but also on his sentencing guideline range. Allowing the restitution to be decided post-sentencing, could potentially change the Court's understanding and evaluation of Mr. Rossano's appropriate sentence after a sentence had been imposed – this is judicially

USA v. Rossano
Response to Inquires at Sentencing on January 31, 2012
February 10, 2012
Page 2

inefficient, and against common sense. Therefore, without an affidavit of loss, the alleged amount of loss should not be considered, or should be given minimal weight in the court's determination of sentencing.

## II. WITHDRAW FROM CONSPIRACY

As an initial matter, it is well-settled that withdrawal from a conspiracy is an affirmative defense for which the defendant bears the burden of proof at trial. United States v. Pizzonia, 577 F.3d 455, 466 (2d Cir.2009); United States v. Flaharty, 295 F.3d 182, 192 (2d Cir.2002). Mere cessation of the conspiratorial activity by the defendant is not sufficient to prove withdrawal. United States v. Eppolito, 543 F.3d 25, 49 (2d Cir.2008); Flaharty, 295 F.3d at 192. The defendant "must also show that he performed some act that affirmatively established that he disavowed his criminal association with the conspiracy, either the making of a clean breast to the authorities, <u>or communication of the abandonment in a manner reasonably calculated to reach co-conspirators</u>." Eppolito, 543 F.3d at 49 (citations and internal quotation marks omitted). "Unless a conspirator produces affirmative evidence of withdrawal, his participation in a conspiracy is presumed to continue until the last overt act by any of the conspirators." United States v. Diaz, 176 F.3d 52, 98 (2d Cir.1999) (quoting United States v. Greenfield, 44 F.3d 1141, 1150 (2d Cir.1995)).

United States v. Leslie, 658 F.3d 140 (2011)(emphasis added)

Mr. Rossano further asserts that, for both sentencing and restitution purposes, the full amount of the loss should not be imputed to him, since he withdrew from the conspiracy. Mr. Rossano stopped all involvement with the conspiracy following his arrest on December 1, 2008. Not only did Mr. Rossano cease participation in the conspiracy, but he also informed a co-conspirator, Mr. Castellano that we would no longer participate in the conspiracy. In an effort to obtain a declaration from Mr. Castellano attesting to this fact, Mr. Rossano's legal team was informed by Mr. Castellano's attorney that he had not put the request for a declaration to his client, and that even if he did, he would recommend that his client not provide any such declaration as it could potentially put Mr. Castellano in a more untenable position. While, for this reason, Mr. Rossano is unable to provide affirmative evidence of his affirmative step in withdrawal from his co-conspirator, he is hopeful that the court will bear his efforts and assertions in mind when considering both sentencing and restitution in relation the proportional weight each defendant should bear regarding the victim's loss.

As to the Government's assertion that Mr. Castellano is subject to the full amount of loss, Mr. Rossano agrees that the court may apportion all of the loss to Mr. Castellano.

## III. CONCLUSION

Defendant, John Rossano, respectfully submits this response to this Court on February 10, 2012.

USA v. Rossano
Response to Inquires at Sentencing on January 31, 2012
February 10, 2012
Page 3

                                              Respectfully Submitted,
                                              LIBERTYBELL LAW GROUP


                                              /s/ Joseph Lobosco
                                              Joseph Lobosco, Esq.
                                              Local New York Counsel


                                              /s/ Gina Tennen
                                              Gina Tennen, Esq.
                                              Managing Attorney
                                              Burbank, California Headquarters



C c:    AUSA Allon Lifshitz (via ECF and email)
        AUSA Elizabeth Geddes (via ECF and email)
        USPO Michelle Espinoza (via email)