DOCKET

SLR:LDM:TYH
F.#2010R00153

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOHN ROSSANO,
    also known as
    "Big Anthony"

        Defendant.

- - - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

11 CR 30(KAM)

        WHEREAS, in the above-captioned case, on or about June 22, 2011, the defendant, JOHN ROSSANO, pleaded guilty to count ten of the Indictment, charging a violation of 18 U.S.C. § 1349;

        WHEREAS, pursuant to 18 U.S.C. § 982(a)(2)(A) and 21 U.S.C. § 853(p), the defendant has consented and agreed to the entry of a forfeiture money judgment in the amount of one million two hundred sixty-seven thousand ninety-two dollars and eighty cents ($1,267,092.80) in United States currency (the "Forfeiture Money Judgment"), as property constituting or derived from proceeds obtained, directly or indirectly, as a result of the defendant's violation of 18 U.S.C. § 1349; and/or as substitute assets;

        IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

        1.    The defendant shall forfeit all his right, title and interest in the Forfeiture Money Judgment pursuant to 18

U.S.C. § 982(a)(2)(A) and 21 U.S.C. § 853(p), as property constituting or derived from proceeds obtained, directly or indirectly, as a result of the defendant's violation of 18 U.S.C. § 1349; and/or as substitute assets.

2. Upon consent of the defendant and the government, the Forfeiture Money Judgment shall be paid in full on or before the date the defendant enters his plea of guilty (the "Due Date"). Interest on any unpaid portion of the Forfeiture Money Judgment shall begin to accrue at the judgment rate of interest from the Due Date.

3. All payments made by the defendant towards the Forfeiture Money Judgment shall be made by certified bank check, payable to the "United States Marshals Service," and the defendant shall cause said check(s) to be hand-delivered to Assistant United States Attorney Tanya Y. Hill, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(a), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction.

5. If the Forfeiture Money Judgment, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the Forfeiture Money Judgment not forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeiture Money Judgment, or to any property against which the government seeks to execute the Forfeiture Money Judgment, in any administrative or judicial proceeding. The defendant shall take whatever steps are necessary to ensure clear title to the Forfeiture Money Judgment and any property against which the government seeks to execute the Forfeiture Money Judgment passes to the United States, including the execution of any and all documents necessary to effectuate the immediate forfeiture of the Forfeiture Money Judgment and any property against which the government seeks to execute the Forfeiture Money Judgment. The forfeiture of the Forfeiture Money Judgment shall not be considered a payment of a fine or payment on any income taxes that may be due.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder. In addition, the defendant knowingly and voluntarily waives his right, if any, to

a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines, statute of limitations, and venue.

7. Upon the entry of this Order, the United States Attorney General, or his designee, is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3).

8. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. This Order shall be final and binding only upon the Court's "so ordering" of the order.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court is directed to send, by inter-office mail, four certified copies of this executed Order to FSA Paralegal, Maritza Arroyo, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor Brooklyn, New York 11201.

Dated: Brooklyn, New York
       February 29, 2012

                                                  s/KAM

_____
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK